```
UNITED STATES DISTRICT COURT
 MIDDLE DISTRICT OF FLORIDA
     FORT MYERS DIVISION
```

KEVYN LAMAR SMILEY,

        Petitioner,

v.                                  Case No:  2:19-cv-872-JES-MRM
                                      Case No. 2:15-CR-104-FTM-29MRM

UNITED STATES OF AMERICA,

        Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #61)[1] filed on December 9, 2019.  The government filed a Response in Opposition to Motion (Cv. Doc. #6) on January 31, 2020.  For the reasons set forth below, the motion is denied.

**I.**

On August 19, 2015, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #14) charging petitioner with possession of a firearm and ammunition after having been convicted of a felony, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).  Defendant entered a plea

---

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

of guilty without the benefit of a plea agreement.  (Cr. Doc. #28.)  The plea was accepted, and defendant was adjudicated guilty.  (Cr. Doc. #32.)  Petitioner was sentenced to a term of imprisonment of 115 months, followed by a term of supervised release.  (Cr. Doc. #49.)  Judgment (Cr. Doc. #52) was filed on March 4, 2016.  Petitioner did not file a direct appeal, and the conviction became final 14 days after the Judgment.  See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).

The § 2255 motion was signed on December 3, 2019.  Petitioner asserts that his 2255 motion is timely because he raises a substantive claim which was not available until Rehaif v. United States, 139 S. Ct. 2191 (2019) and an ineffective assistance of counsel claim for failing to raise the Rehaif issue.  (Cv. Doc. #1, p. 10.)  The United States concedes that petitioner's Rehaif claim, and the ineffective assistance claim, are timely filed and cognizable in a § 2255 proceeding.  (Cv. Doc. #6, pp. 8-9.)

Viewing the facts in the light most favorable to petitioner, the Court finds that the record establishes that petitioner is not entitled to relief.  Therefore, an evidentiary hearing is not required.

## II.

Title 18 U.S.C. § 922(g)(1) provides in pertinent part that it is unlawful for any person "who has been convicted in any court

of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition". 18 U.S.C. § 924(e)(1). The statutory penalty for this offense is up to ten years imprisonment. 18 U.S.C. § 924(a)(2).

At the time of petitioner's offense and the proceedings in the district court, it was well-settled that a conviction under § 922(g) required the government to allege and ultimately prove that: (1) the defendant knowingly possessed a firearm or ammunition; (2) the defendant was prohibited by one of the grounds in § 922(g) from possessing a firearm or ammunition; and (3) the firearm or ammunition affected interstate commerce. United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008). There was no requirement that the government prove defendant knew of his status as a convicted felon. United States v. Jackson, 120 F.3d 1226, 1229 (11th Cir. 1997); United States v. Rehaif, 888 F.3d 1138, 1147 (11th Cir. 2018); United States v. Roosevelt Coats, 8 F.4th 1228, 1234 (11th Cir. 2021).

This was changed by the Supreme Court in Rehaif v. United States, 139 S. Ct. 2191 (2019). In Rehaif, the Supreme Court reversed a defendant's conviction under § 922(g)(5)(A), which prohibits possession of a firearm by an unlawful alien, because the district court had instructed the jury it did not need to find

- 3 -

that defendant knew he was in the country unlawfully.  Rehaif, 139 S. Ct. at 2195.  The Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200.  "In felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." Greer v. United States, 141 S. Ct. 2090, 2095 (2021) (citing Rehaif at 2199-2200) (emphasis in original).  As the Eleventh Circuit has summarized: "when a defendant is charged with being a felon in possession of a firearm under § 922(g)(1), the knowledge-of-status element requires proof that at the time he possessed the firearm he was aware he had a prior conviction for 'a crime punishable by imprisonment for a term exceeding one year.' See [Rehaif at 2200] (quoting 18 U.S.C. § 922(g)(1))."  Roosevelt Coats, 8 F.4th at 1234-35.

**III.**

In Ground One, Petitioner argues that his conviction is invalid under Rehaif.  Petitioner argues that the government did not prove that he was a "prohibited person", that is, that he knew he possessed the firearm and that he knew he was a prohibited person.  (Cv. Doc. #1, p. 4.)  Petitioner did not raise a Rehaif

claim in the district court, and therefore the plain error standard of Fed. R. Crim. P. Rule 52(b) applies to unpreserved Rehaif issues. Greer, 141 S. Ct. at 2096. To satisfy this standard, a litigant must establish three threshold requirements: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights. Id. If all three requirements are satisfied, the court may grant relief if the error had a serious effect on the fairness, integrity, or public reputation of judicial proceedings. Id. at 2096-2097. The party asserting plain error has the burden of establishing each of these four requirements. Id. at 2097.

### A. Plain Error Has Been Established

Count One of the Indictment (Cr. Doc. #14) charged that on or about August 5, 2015, Petitioner was "a person convicted of a crime punishable by imprisonment for a term exceeding one year", specifically robbery and aggravated assault with a deadly weapon. Count One further alleged that Petitioner "did knowingly possess in and affecting interstate and foreign commerce, a firearm and ammunition, namely, a Spikes Tactical ST 15, Serial Number SBR85056, 5.56 caliber, semi-automatic rifle with 40 rounds of ammunition in the drum. In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)." (Id.) Count One does not allege, however, that Petitioner knew he was "person convicted

of a crime punishable by imprisonment for a term exceeding one year," i.e., that he knew he was a convicted felon. It is now well-established that this type of omission from a § 922(g) indictment is both error and plain. See United States v. Moore, 954 F.3d 1322, 1337 (11th Cir. 2020); United States v. Innocent, 977 F.3d 1077, 1082 (11th Cir. 2020); Johnson, 981 F.3d at 1179; United States v. Leonard, 4 F.4th 1134, 1143 (11th Cir. 2021); United States v. Dudley, 5 F.4th 1249, 1267 (11th Cir. 2021).

The Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis (Cr. Doc. #26) provided the following "essential elements of a violation of 18 U.S.C. § 922(g)(1)":

> First: The defendant knowingly possessed the firearm and ammunition as charged;
>
> Second: At the time he possessed the firearm and ammunition, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and
>
> Third: The possession of the firearm was in or affecting interstate or foreign commerce.

(Id., p. 2.) The elements did not include the Rehaif knowledge-of-status element.

The magistrate judge who took the guilty plea did not inform petitioner of this knowledge-of-status element. (Cr. Doc. #30, at

11:25-11:55[1].)  Therefore, the district court should not have accepted the guilty plea.  Roosevelt Coats, 8 F.4th at 1235; United States v. Johnson, 981 F.3d 1171, 1179 (11th Cir. 2020), cert. denied, 142 S. Ct. 567 (2021).

Petitioner has therefore satisfied the first and second prong of the plain error standard as to Count One of the Indictment and the acceptance of the guilty plea.

**B. Error Did Not Affect Petitioner's Substantial Rights**

The language of § 922(g) requires that at the time of the offense a defendant must know he "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 922. "[T]he knowledge-of-status element requires proof that at the time he possessed the firearm he was aware he had a prior conviction for 'a crime punishable by imprisonment for a term exceeding one year.'" Roosevelt Coats, 8 F.4th at 1235 (quoting 18 U.S.C. § 922(g)(1)).  Nothing in the statute requires that a § 922(g) defendant know he has committed a federal offense.  Leonard, 4 F.4th 1145 n.5 ("In a prosecution under § 922(g), the government must prove that a defendant knew of his *status* as a person barred from possessing a firearm, but it does not need to prove that the defendant knew he could not possess

---

[1] The Change of Plea Hearing is a digital audio file that has not been transcribed.

a gun.") (citation omitted) (emphasis in original); <u>United States v. Lawson</u>, 861 F. App'x 337, 340 (11th Cir. 2021) ("The relevant status element for a felon-in-possession-of-a-firearm charge requires proof that the defendant knew he was a person convicted of 'a crime punishable by imprisonment for a term exceeding one year.'") (citations omitted); <u>United States v. Benton</u>, 988 F.3d 1231, 1235-36 (10th Cir. 2021) (rejecting an argument that "<u>Rehaif</u> imposed an additional burden on the government . . . to prove [a defendant] knew he was prohibited from possessing a firearm as a result of his status"). <u>Id.</u> at 1238 (A defendant's 'knowledge of his status' "is what helps ensure . . . that the defendant has the 'intent needed to make his behavior wrongful.'") (citations omitted).

"In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon." <u>Greer</u> at 2097. <u>See also</u> <u>Roosevelt Coats</u>, 8 F.4th at 1238. Indeed, petitioner stated at sentencing, "I made a few wrong turns. I know I was a felon. I know I shouldn't have had the gun. True, indeed." (Cr. Doc. #62, p. 8.) There is no contemporaneous evidence to suggest that, had

the Indictment and guilty plea colloquy included the knowledge-of-status element, Petitioner would have changed his plea and proceeded to trial. E.g., United States v. McLellan, 958 F.3d 1110, 1120 (11th Cir. 2020).

At the change of plea hearing, Petitioner was informed that a felony conviction would restrict certain rights, including the possession of a firearm. (Cr. Doc. #30, at 9:31-33.) The government summarized the events leading to Petitioner's arrest. (Id., 16:49-18:10.) When asked about the factual basis for his guilty plea, Petitioner responded to the Magistrate Judge that he knowingly possessed the firearm and ammunition, that he had been convicted of a felony prior to the possession, and that the firearm and ammunition travelled in interstate commerce. It is undisputed that Petitioner was a convicted felon at the time of the charged offense in Count One. (Id., 19:00-19:29.) The government's Factual Basis asserts that petitioner had previously been convicted of Armed Home Invasion Robbery and Aggravated Assault with a Deadly Weapon (Cr. Doc. #26, p. 4.) The Presentence Report, to which petitioner did not object, stated that the Home Invasion Robbery had been reduced to Robbery and petitioner sentenced to 48 months in prison. (Cr. Doc. #43, ¶ 41.) Upon petitioner's release, he violated probation and was sentenced to 90 months in prison. (Id.) The Presentence Report also indicates petitioner

was convicted of Aggregated Assault with a Firearm and sentenced to 36 months in prison. (Id. at ¶ 42.)

The Court finds that neither the Indictment error nor the acceptance of the guilty plea error, either individually or cumulatively, affected petitioner's substantial rights, and therefore petitioner did not satisfy the third prong of the plain error standard. When petitioner was given the opportunity to address the Court prior to sentencing he stated in part: "I made a few wrong turns. I know I was a felon. I know I shouldn't have had the gun. True, indeed." (Cr. Doc. #62, 8:11-13.) Petitioner went on to state "I had the gun for my protection; that's it. Yes, I was wrong; I shouldn't have had it because I'm a convicted felon. . . ." (Id., 8:20-22.)

### C. Effect on Judicial Proceedings

Even if Petitioner could establish the third plain error prong, he has not established that the plain errors had a serious effect on the fairness, integrity, or public reputation of his judicial proceedings. Petitioner stated at sentencing that he knew he was a convicted felon and knew he was not allowed to have a firearm.

### IV.

In Ground Two, Petitioner argues that his counsel failed to object to his conviction, and so counsel's performance was

deficient, and the deficient performance prejudiced him. The record establishes otherwise.

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, 571 U.S. 263, 272 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both Strickland prongs if the petitioner fails to satisfy either of them." Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances. Hinton, 571 U.S. at 273 (citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct,

and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. See also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (the Court looks to facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

"Reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop." Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994) (citations omitted). Counsel is not required to predict changes in the law and the *mens rea* element was not required at the time, pre-Rehaif. United States v. Finley, 805 F. App'x 823, 827 (11th Cir. 2020) ("This Court's precedent clearly forecloses an ineffective-assistance-of-counsel claim based on failure to raise an objection that would not succeed under

current law, but which could succeed depending on a forthcoming Supreme Court decision.").

Counsel was not deficient for failing to raise what is now referred to as a Rehaif issue. Even if such an issue had been raised, it is clear that defendant knew he was a felon who could not possess a firearm. Given the nature of the convictions and the length of the sentences, the government could easily meet its burden had petitioner not pled guilty.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #61) is **DENIED.**

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __6th__ day of April 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA

- 14 -